IN RE DISQUALIFICATION OF GWIN.

INGRAM *v.* AULTMAN HOSPITAL ET AL.

[Cite as *In re Disqualification of Gwin* (1995), 74 Ohio St.3d 1268.]

(No. 95–AP–006—Decided January 26, 1995.)

MOYER, C.J.  This affidavit of disqualification was filed by William Strohmenger on behalf of defendant Aultman Hospital. Affiant seeks the disqualification of Judge James S. Gwin from further proceedings in the above-captioned case based on Judge Gwin's membership on the board of trustees of a competing hospital and alleged hostility that Judge Gwin has displayed toward affiant-hospital following its request that Judge Gwin recuse himself from this case.

The record shows that Judge Gwin served on the Board of Trustees of Doctors Hospital of Stark County from May 1993 until November 1994, when he resigned from the board. Prior to accepting an appointment to the board, Judge Gwin received an opinion from the Disciplinary Counsel that his service on the board would not violate the Code of Judicial Conduct provided he recused himself from presiding over cases in which the hospital or hospital corporation was a party.

The record further shows that Aultman Hospital is in competition with Doctors Hospital and learned in May 1994 that Judge Gwin served on the Board of Trustees of Doctors Hospital. In June 1994, Judge Gwin presided over a jury trial in which Aultman Hospital was a party. In October 1994, Aultman Hospital requested that Judge Gwin recuse himself from this case based on his membership on the Doctors Hospital Board of Trustees and his opportunity as a trial judge to influence the outcome of litigation involving competitors of Doctors Hospital. In its letter to Judge Gwin requesting recusal and in the affidavit of disqualification, affiant contends that the board membership creates a conflict of interest and affects Judge Gwin's ability to impartially preside over cases involving Aultman Hospital.

Following receipt of the letter from Aultman Hospital requesting that he recuse himself from the underlying case, Judge Gwin resigned from the board of trustees. In his resignation letter, Judge Gwin denied the existence of any conflict of interest and cited the opinion of the Disciplinary Counsel that approved of his service on the hospital board. Nevertheless, Judge Gwin concluded that he should resign from the board to avoid the transfer to other judges of all cases in which hospitals were parties.

Judge Gwin's resignation from the Doctors Hospital Board of Trustees eliminates any conflict of interest or appearance of impropriety that may have existed based on his membership on the board and involvement in cases in which competing hospitals were parties. Thus, the question that remains is whether his continued participation in the case creates an appearance of partiality or impropriety. My review of the record fails to support a conclusion that Judge Gwin harbors a bias or prejudice against affiant that mandates his disqualification from this case. Rather, it reflects disappointment with having to resign from the board of trustees but a realization that the resignation is necessary to ensure the proper execution of his judicial duties.

For these reasons, the affidavit of disqualification is found not well taken and is denied.